United States District Court
Southern District of Texas
**ENTERED**
October 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHERRIE LYNN WYCHE, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:19-CV-00396 |
| § | |
| ANDREW SAUL, COMMISSIONER § | |
| OF THE SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Plaintiff Sherrie Lynn Wyche ("Wyche") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* 42 U.S.C. § 405(g). Before me, with the consent of the parties, are competing motions for summary judgment filed by Wyche and Defendant Andrew Saul, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 12, 14.

### BACKGROUND

In May 2016, Wyche filed an application for disability insurance benefits under Title II of the Act, alleging disability as of June 1, 2015. Wyche's application was initially denied and denied again upon reconsideration. Subsequently, an ALJ held a hearing and found Wyche was not disabled. Wyche filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## APPLICABLE LAW

Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks, citation, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id.* (quotation marks and citation omitted). "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity ("RFC")." *Kneeland*, 850 F.3d at 754. "The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* (quotation marks, brackets, and

citation omitted). "The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Id*.

"The [Commissioner's] decision must stand or fall with the reasons set forth in the ALJ's decision." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Wyche had not engaged in substantial gainful activity since June 1, 2015.

The ALJ found at step two that Wyche had the following severe impairments: obesity (BMI-36.8), degenerative disc disease with large osteophytes at C5-6 and moderate to marked neuroforaminal stenosis at C5-6; fibromyalgia, and diabetes mellitus, type II, with macroalbuminuric diabetic nephropathy (20 CFR § 404.1520(c)).

At step three, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of step four, the ALJ assessed Wyche's RFC, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, stoop, bend, balance, kneel, crouch, and crawl. She can perform frequent handling and fingering, bilaterally.

Dkt. 7-3 at 16.

At step four, the ALJ found Wyche capable of performing past relevant work as a program manager, explaining that "this work does not require the performance of work-related activities precluded by [Wyche's] RFC." The ALJ concluded that Wyche was not disabled and that she is able to perform the work "as actually and generally performed." Specifically, the ALJ accepted the vocational expert's testimony that Wyche could still perform her past relevant work as it is most like the "DOT job of program manager, (DOT 189.167-030) classified as sedentary and skilled." *Id.* at 20. Accordingly, the ALJ determined that Wyche was not disabled and thus not entitled to benefits.

## DISCUSSION

In this appeal, Wyche primarily argues that the ALJ rejected the medical opinion of Dr. Shanta D'Lima ("Dr. D'Lima"), her treating physician, without good cause and without conducting a detailed analysis of the 20 C.F.R. § 404.1527(c) factors. I agree, and remand is required.

According to the administrative record, a physician diagnosed Wyche with fibromyalgia in 2015.[1] Shortly thereafter, Dr. D'Lima began to treat Wyche for the condition

---

[1] "Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues. Researchers believe that fibromyalgia amplifies painful sensations by affecting the way your brain processes pain signals. Symptoms sometimes begin after

4

on an ongoing basis. Ultimately, in August 2018, Dr. D'Lima completed a Physical Residual Functional Capacity Questionnaire, describing Wyche's many limitations as being due to "pain weakness and severe fatigue" caused by fibromyalgia. Dkt. 7-13 at 72. Dr. D'Lima specifically explained that her medical opinion was "supported by symptomatology and lab results." *Id.* at 74. Notwithstanding Dr. D'Lima's established treatment history, the ALJ assigned her medical opinion "no weight" because "it is not supported by underlying treatment notes."[2] Dkt 7-3 at 20.

An ALJ may reject a treating physician's opinion "when good cause exists. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Giles v. Astrue*, 433 F. App'x 241, 246−47 (5th Cir. 2011) (internal quotation marks and footnotes omitted). In the absence of good cause, "an ALJ may reject the opinion

---

a physical trauma, surgery, infection or significant psychological stress. In other cases, symptoms gradually accumulate over time with no single triggering event." *Kennedy v. Lilly Extended Disability Plan*, 856 F.3d 1136, 1137 (7th Cir. 2017) (quotation marks and citation omitted).

[2] The ALJ's decision addresses only three medical opinions: Dr. D'Lima's opinion and the separate opinions of two State Agency physicians. While the ALJ assigned no weight to Dr. D'Lima's opinion (notwithstanding his treating physician status), the ALJ assigned partial weight to the medical opinions offered by the two State Agency physicians. Importantly, neither of the State Agency physicians examined Wyche nor did they identify fibromyalgia as one of Wyche's severe impairments. *See* Dkt. 7-4 at 6 and 17–18. By excluding fibromyalgia in their medical opinions, the two non-examining State Agency physicians expressly contradict both Dr. D'Lima's medical opinion and the ALJ's own finding that fibromyalgia is one of Wyche's severe impairments. This alone is problematic. *See Hill v. Berryhill*, 718 F. App'x 250, 255 (5th Cir. 2018) ("The ALJ may rely on a non-examining physician's assessments so long as the report of the non-examining physician is not the sole medical evidence presented and as long as the non-examining physician does not draw specific medical conclusions that either contradict or are unsupported by findings made by an examining physician.") (internal quotation marks and citation omitted).

5

of a treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. [§ 404.1527(c)]." *Aguilar v. Berryhill*, No. 5:16-CV-900-DAE, 2018 WL 1833246, at *5 (W.D. Tex. Mar. 22, 2018). Under the statutory analysis, the ALJ must evaluate: "(1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; (6) the specialization of the treating physician; and, (7) any other considerations." *Bass v. Saul*, No. 19-CV-1525, 2020 WL 3405794, at *10 (S.D. Tex. June 19, 2020) (citing 20 C.F.R. § 404.1527(c)).

The ALJ failed to provide good cause for rejecting Dr. D'Lima's medical opinion. To be clear, the ALJ offered only one reason for rejecting Dr. D'Lima's medical opinion: "it is not supported by underlying treatment notes." Dkt 7-3 at 20. But this is simply untrue. In the same paragraph discounting Dr. D'Lima's opinion, the ALJ specifically references the physical examinations Wyche underwent on September 4 and July 27, 2018. In the September 4 treatment notes, Dr. D'Lima specifically noted Wyche's generalized pain. *See* Dkt. 7-14 at 3. And, on July 27, Dr. D'Lima included a treatment note confirming Wyche's fibromyalgia diagnosis, explaining Wyche "has elevated sed and creactive protein high which are consistent with her increased pain" and "she's always in pain when I see her." *Id.* at 12. The ALJ does not even acknowledge these statements. Instead, the ALJ focuses on the supposed absence of acute distress and the presence of several normal examination findings—i.e., the absence of objective clinical findings. This is problematic because "[a] diagnosis of fibromyalgia

6

often lacks objective clinical findings." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 912 (N.D. Tex. 2008) (collecting cases). And, as explained in *Bragg*:

> When a claimant has an accepted diagnosis, such as fibromyalgia, that often lacks objective clinical findings, an allegation of an absence of objective clinical findings does not alone constitute good cause to reject opinions of treating physicians. To show good cause under such circumstances, the ALJ's decision must do more than merely state that the opinions "are not supported by any objective clinical findings."

*Id.* In my view, the ALJ has not done more.

Because the ALJ did not have good cause to reject Dr. D'Lima's opinion, the ALJ was required to perform a detailed analysis of Dr. D'Lima's opinion under the criteria set forth in § 404.1527(c). Here, there is no indication that the ALJ undertook her obligation to fully consider each of the § 404.1527(c) factors. The ALJ's formulaic statement that she "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527" is insufficient to satisfy § 404.1527(c). *See Schofield v. Saul*, 950 F.3d 315, 321 (5th Cir. 2020) ("Mere citation to the relevant rule, while perhaps helpful to show an agency was aware of its obligations, is not enough to demonstrate the agency *fulfilled* them."); *Kneeland*, 850 F.3d at 761 ("cursory, boilerplate language . . . does not constitute an explanation for rejecting a medical opinion"). Moreover, even though the ALJ references certain of Dr. D'Lima's treatment notes, she does not discuss those notes in terms of the factors laid out in § 404.1527(c).[3] As I've previously explained, I am "not inclined to scour the ALJ's decision

---

[3] The Commissioner's response suggests that the ALJ conducted the § 404.1527(c) factor analysis by merely referencing Dr. D'Lima's treatment notes:

> [T]he ALJ's decision shows that she considered Dr. D'Lima's length of treatment since 2015 by detailing and reviewing such treatment; she considered the frequency of treatment, nature and extent of treatment relationship by addressing the treatment

to try to cobble together a cogent [Section 404.1527(c)] analysis when it is not clear on the face of the [ALJ's] decision." *Ramirez v. Berryhill*, No. 3:17-CV-00336, 2018 WL 3651389, at *9 (S.D. Tex. July 17, 2018).

In sum, the ALJ has neither offered good cause for rejecting Dr. D'Lima's medical opinion nor conducted the analysis required by § 404.1527(c). I find, therefore, that the ALJ did not apply the correct legal standard and remand is appropriate. *See Wichman v. Astrue*, 857 F. Supp. 2d 618, 630 (W.D. Tex. 2012) ("When the ALJ fails to use the appropriate legal standard in assessing the opinions of a plaintiff's treating physician, the case must be remanded.").

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Dkt. 12) is **GRANTED** and Defendant's Motion for Summary Judgment (Dkt. 14) is **DENIED**. The decision of the ALJ is **REVERSED** and the case is **REMANDED** for reconsideration in accordance with this opinion and applicable law.

SIGNED in Galveston, Texas, this 6th day of October, 2020.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

records; and she determined the supportability and consistency of the opinion with Dr. D'Lima's treatment and the record as a whole. Plaintiff fails to show that Dr. D'Lima's position as a family practice doctor with Bay City Family Practice merits consideration of Dr. D'Lima as a specialized physician.

Dkt. 15 at 5–6 (record citations omitted).